UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23590-LEIBOWITZ/Reid

**NINA QUINN-DAVIS,** *Individually and on behalf of all those similarly situated,*

    *Plaintiffs*,

v.

**TRUEACCORD CORP.,**
**et al.,**

    *Defendants.*

_____/

## ORDER

    **THIS CAUSE** is before the Court on Plaintiff's Motion for Extension of Time to File Motion for Class Certification (the "Motion") [ECF No. 36] filed on May 30, 2024, the day before the Motion was due. Defendant opposes the extension [ECF No. 37], and Plaintiff replied [ECF No. 40]. Because Plaintiff failed to show "good cause" to modify the Court's Scheduling Order, or indeed provide any justification as to why, despite Plaintiff's diligent efforts, the court-ordered deadline could not be met, the Motion is DENIED.

## BACKGROUND

    Plaintiff filed a Class Action Complaint [ECF No. 1] on September 19, 2023, alleging violations of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") based upon a *single e-mail* Plaintiff alleges Defendant collection agency sent to her at 10:14:08 p.m. on Tuesday, November 29, 2022. [*Id.*]. The e-mail purports to be from Aaron Munoz at aaron@trueaccord.com, Subject Line: "Let's talk about your account." [ECF No. 1-1 at 1]. The message in its entirety reads as follows:

````
----- Forwarded Message -----
From: Aaron Munoz <aaron@email.trueaccord.com>
To: Nina Davis <ninaeileends@yahoo.com>
Sent: Tuesday, November 29, 2022, 10:14:08 PM EST
Subject: Let's talk about your account.
````

We can discuss your options.

This is an important message for Nina Davis. If you are not this person, please disregard and delete it.
Email not displaying correctly? Skip to our message.

**What is the best way forward?**

Nina, you have an outstanding debt of $535.03 with Jefferson Capital Systems, LLC (current creditor of your original CELLCO PARTNERSHIP DBA VERIZON WIRELESS account).

Call us at (866) 611-2731 (TTY 771) or visit our website to set up a payment plan so we can work together on this.

Take the first step to resolving this.

Talk to us

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Please read below for important disclosures.

**TrueAccord**

Copyright © 2022 TrueAccord Corp.

16011 College Blvd, Suite 130, Lenexa, KS 66219
(866) 611-2731 (TTY 771)
Office Hours: M-F, 8 AM - 8 PM ET

Your TrueAccord account number is: 47-39-8491-08584

Click here for more information about your balance

Not ready to pay? Get help managing your debt.

Unsubscribe   Dispute this debt   Privacy Policy

Log in to your account

The law limits how long you can be sued on a debt. Because of the age of your debt, Jefferson Capital Systems, LLC cannot sue you for it and cannot report or continue to report it to the credit reporting agencies. In some states making a partial payment may revive Jefferson Capital Systems, LLC's ability to sue to collect the remaining balance.

This was originally an account with CELLCO PARTNERSHIP DBA VERIZON WIRELESS, account number ending in 0001

*Id.*

In the First Amended Complaint (the operative pleading, ECF No. 23), Plaintiff relies on Section 1692c(a)(1) of the FDCPA which "prohibits a debt collector, without the prior consent of the

consumer given directly to the debt collector or the express permission of a court of competent jurisdiction to communicate with a consumer in connection with the collection of any debt 'at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.'" [ECF No. 23 ¶ 25 (quoting 15 U.S.C. § 1692c(a)(1))]. On the basis of the *one e-mail* allegedly sent to Plaintiff after 9:00 p.m., attempting to resolve a $535.03 Verizon wireless bill, Plaintiff seeks to represent a class. [*Id.* at 5].

For relief, Plaintiff asks for declaratory judgment that Defendant violated the FDCPA, statutory damages, reasonable attorney's fees and costs. [*Id.* at ¶54]. The Court held a Status Conference with the parties June 5, 2024, and asked Plaintiff's counsel what Plaintiff's actual damages are in this case. [*See* PAPERLESS MINUTE ENTRY, ECF No. 38]. Citing none, counsel responded that Plaintiff is seeking statutory damages in this case. [*Id.*].

## CLASS ACTIONS UNDER THE FDCPA

As it currently stands, even before class certification is determined, this case is *very* weak.

The FDCPA "prohibits debt collectors from engaging in <u>abusive, deceptive, or unfair debt collection practices</u>." *Riley v. Home Retention Servs., Inc.*, No. 14-CV-20106, 2014 WL 11906643, at *3 (S.D. Fla. 2014) (citing 15 U.S.C. §§ 1692–1692p) (emphasis added). To state a claim under the FDCPA, a plaintiff must adequately allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hendrix-Smith v. Santander Consumer USA,* No. 20-22254-CIV, 2021 WL 1967884, at *5 (S.D. Fla. Feb. 16, 2021), *report and recommendation adopted,* No. 1:20-CV-22254, 2021 WL 1963798 (S.D. Fla. May 17, 2021) (citing *Rivas*

*v. Levine Law Grp.*, No. 15-CV-21351, 2015 WL 5097119, at *2 (S.D. Fla. 2015) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000)).

Neither party contests that the first two prongs of an FDCPA claim are met. Plaintiff has been the object of collection activity arising from a consumer debt, and Defendant is a debt collector under the FDCPA. The issue is whether Defendant violated the FDCPA by allegedly sending *one e-mail* after 9:00 p.m. Section 1692d of the FDCPA states that:

> A debt collector may not engage in any conduct the natural consequence of which is ***to harass, oppress, or abuse*** any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> **(1)** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> **(2)** The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> **(3)** The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> **(4)** The advertisement for sale of any debt to coerce payment of the debt.
> **(5)** ***Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.***
> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d (emphasis added). Nothing in the First Amended Complaint suggests any abusive, deceptive, harassing, or unfair debt collection practices committed by Defendant that the Act seeks to protect consumers, like Plaintiff, against.

The Court now turns to statutory damages under the FDCPA, which Plaintiff conceded is her sole remedy. Section 1692k provides, in relevant part, that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

> **(1)** any actual damage sustained by such person as a result of such failure;
> **(2)(A)** in the case of any action by an individual, such additional damages *as the court may allow, but not exceeding $1,000;* or

> **(B)** in the <u>case of a class action</u>, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a *reasonable attorney's fee* as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C.A. § 1692k(a) (emphasis added). In making its determination as to the amount of statutory damages to award, the court considers the following factors:

> **(1)** in any <u>individual action</u> under subsection (a)(2)(A), the *frequency and persistence of noncompliance by the debt collector*, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
> **(2)** in any <u>class action</u> under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

15 U.S.C.A. § 1692k(b) (emphasis added).

Against this backdrop, the Court turns to the instant Motion for Extension of Time to File Motion for Class Certification [ECF No. 36].

## PROCEDURAL BACKGROUND

At the direction of the undersigned, who was reassigned this case on March 28, 2024 [ECF No. 27], the parties filed a Joint Status Report [ECF No. 30] on April 19, 2024, in which they (1) stated this case was on track for trial under the current Scheduling Order and (2) requested a Class Certification deadline of July 31, 2024 [ECF No. 30 at ¶3]. Informed by that report, the Court entered an Amended Scheduling Order [ECF No. 32] on April 22, 2024. That Order set the following deadlines: (1) Plaintiff's motion for class certification due May 31, 2024; (2) discovery completed by June 28, 2024; (3) response to the motion for class certification due on June 30, 2024; and (4) hearing on the motion for class certification set for July 31, 2024 (as requested by the parties). [*Id.*]. Thereafter, the parties' mediation attempt on May 8, 2024, failed. [*See* ECF No. 33].

Twenty-two days later, on the eve of the deadline for Plaintiff's class certification motion (May 30, 2024), Plaintiff sought an extension of time to file the motion "through and including **June 28, 2024**." [ECF No. 36 at 2]. Plaintiff provided no specific reason for needing this extension beyond saying that "Plaintiff anticipated that she would have until the discovery deadline, June 28, 2024, to complete class discovery. Plaintiff needs a brief extension to complete class discovery." [ECF No. 36 at 1–2]. That is not sufficient to satisfy the "good cause" showing that must be made to amend the Scheduling Order. This is particularly true given that the extension requested affects class certification under Federal Rule of Civil Procedure 23, as discussed below.

## DISCUSSION

Rule 16 of the Federal Rules of Civil Procedure requires the court to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotation marks and citations omitted). "To establish good cause, the party seeking the extension must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) (internal quotations and citation omitted). "[D]iligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry." *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *3 (S.D. Ala. June 22, 2012).

The burden of establishing the requisite good cause/diligence rests squarely on Plaintiff, the party seeking relief from the now-lapsed deadline in the governing Scheduling Order. *See Longmire v. City of Mobile, Alabama*, 2017 WL 63022, *1 (S.D. Ala. Jan. 5, 2017); *United States v. Crumb*, 2016 WL 5349459, *2 (S.D. Ala. Sept. 23, 2016). Absent good cause, "a party's lack of diligence and failure to

notify the court of delays 'would render scheduling orders meaningless.'" *Nat'l Tr. Ins. Co. v. Graham Bros. Const. Co.*, 916 F. Supp. 2d 1244, 1250–51 (M.D. Fla. 2013) (citations omitted).

Additionally, Federal Rule of Civil Procedure 23(c) explicitly provides, that "[a]t an *early practicable time* after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (emphasis added). A timely motion for class certification is premised on "'sound practical considerations' including preservation and protection of the putative class members' claims." *Seyboth v. Gen. Motors Corp.*, No. 8:07-CV-2292-T-27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (citing *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006)). Although an untimely request for class certification is not a bar to the maintenance of a class action because the trial court is "independently obligated" to decide whether an action should be brought as a class action, a failure to move timely for class certification "is a direct assault on the merits of the request for class certification." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 696 (N.D. Fla. 2006) (citing *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); Fed. R. Civ. P. 23(a)(4)). Delays in filing a motion for class certification also impede a court's ability to resolve the issues of class certification and may prejudice the rights of the putative class members. *Jones*, 243 F.R.D. at 695 (quoting *Williams v. S. Bell Tel. & Tel. Co.*, No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978)). Further, even if a defendant is not prejudiced by the delay, "the public business of the court ... has been hampered and delayed." *Jones*, 243 F.R.D. at 696 (citation and internal quotation marks omitted).

As Defendant correctly points out, Plaintiff has utterly failed to make a showing of good cause sufficient to modify the court-ordered schedule for this case. First, Plaintiff's "anticipation" that she would have until June 28, 2024, to conduct class discovery is flatly contradicted by the May 31, 2024, motion deadline. [*See* ECF No. 32 at 2]. Second, Plaintiff does not provide any specifics about (1) what class discovery has been conducted; (2) what class discovery is needed that has not been

conducted; or (3) why class discovery could not be completed by the May 30, 2024, motion deadline. Third, Plaintiff's being able to file a motion by June 28, 2024, one month too late, is not "good cause." [*See* ECF No. 40]. That is because Plaintiff makes no representation that, despite her diligent efforts, class discovery could not be completed on time. This failure alone ends the good cause inquiry. *Sosa*, 133 F.3d at 1418 ("[I]f a party was not diligent, the [good cause] inquiry should end.").

Finally, this purported class action was filed nine months ago (on September 19, 2023) [ECF No. 1]. Thereafter, the Court solicited the deadlines that would govern this case from the parties. [ECF No. 28]. In response, the parties jointly requested a July 31, 2024, class certification deadline. [ECF No. 30]. The Court then set the deadline for the motion for class certification to accommodate the parties' request. Plaintiff has thus been on notice since April 22, 2024, that her motion to certify a class was due on May 30, 2024. Yet, Plaintiff did not approach the Court for an extension to file the motion until the day before the motion was due and without showing either good cause or diligent efforts expended to meet the court-ordered deadline.

Had Plaintiff met the May 31, 2024, deadline for filing a motion for class certification, she would have had eight months to propound class discovery and seek to certify a class. Plaintiff's delay in filing a motion for class certification has consequently impeded the court's ability to resolve the issues of class certification and may well have prejudiced the rights of the putative class members. As a result, the Motion is due to be denied. *See Seyboth v. Gen. Motors Corp.,* No. 8:07CV2292T27TBM, 2008 WL 1994912, at *2 (M.D. Fla. May 8, 2008) (denying Plaintiff's motion for extension to file motion for class certification) (citing *Martinez-Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1216 (11th Cir. 2003)); *Wright v. Dyck-O'neal, Inc.,* No. 215CV249FTM38MRM, 2016 WL 3912050, at *2 (M.D. Fla. June 27, 2016), report and recommendation adopted, No. 215CV249FTM38MRM, 2016 WL 3883269 (M.D. Fla. July 18, 2016) (same); *Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Properties, Inc.,* No. 216CV206FTM38MRM, 2016 WL 7404733, at *2 (M.D. Fla. Nov. 25, 2016), report

and recommendation adopted *sub nom. Wave Length Hair Salons of Fla., Inc. v. CBL & Assocs. Properties, Inc.*, No. 216CV206FTM38MRM, 2016 WL 7385802 (M.D. Fla. Dec. 21, 2016) (same).

## CONCLUSION

Consistent with the foregoing, the Court finds that (1) Plaintiff failed to demonstrate good cause for filing an untimely motion for class certification; and (2) delayed filing of the motion as late as June 28, 2024 (one month after the deadline) will impede the court's ability to resolve the issues of class certification in a timely fashion as required by the Federal Civil Rules.  Accordingly, and upon due consideration, it is hereby

**ORDERED AND ADJUDGED** that the Motion [**ECF No. 36**] is **DENIED**.  The parties shall comply with all deadlines set forth in the Court's Amended Scheduling Order [ECF No. 32].

**DONE AND ORDERED** in the Southern District of Florida this 20th day of June, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record